# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT JACKSON

### FEBRUARY 1999 SESSION



**FILED**

**April 13, 1999**

**Cecil Crowson, Jr.**
Appellate Court Clerk

| | | |
|---|---|---|
| **STATE OF TENNESSEE,** | **)** | |
| | **)** | **C.C.A. NO. 02C01-9806-CR-00167** |
| Appellee, | **)** | |
| | **)** | **SHELBY COUNTY** |
| VS. | **)** | |
| | **)** | **HON. CHRIS CRAFT,** |
| **JOHN GREER,** | **)** | **JUDGE** |
| | **)** | |
| Appellant. | **)** | (Theft of Property over $1000 but less than $10,000) |

FOR THE APPELLANT:          FOR THE APPELLEE:


**A C WHARTON**
District Public Defender

**WALKER GWINN**
Asst. Public Defender
201 Poplar Ave.
Memphis, TN 38103
        (On Appeal)

**DIANE THACKERY**
Asst. Public Defender
201 Poplar Ave., 2nd Fl.
Memphis, TN 38103
        (At Trial)

**JOHN KNOX WALKUP**
Attorney General & Reporter

**CLINTON J. MORGAN**
Asst. Attorney General
Cordell Hull Bldg., 2nd Fl.
425 Fifth Ave., North
Nashville, TN 37243-0493

**WILLIAM L. GIBBONS**
District Attorney General

**JAMES M. LAMMEY**
Asst. District Attorney General
201 Poplar Ave., 3rd Fl.
Memphis, TN 38103


OPINION FILED:_____


**AFFIRMED**


**JOHN H. PEAY,**
Judge

**O P I N I O N**

On March 11, 1998, the defendant was found guilty by a jury of theft of property valued at over one thousand dollars ($1000) but less than ten thousand dollars ($10,000) in violation of T.C.A. § 39-14-103.  At a subsequent hearing, the trial court sentenced the defendant as a career offender to a term of twelve years to be served in the Tennessee Department of Correction.  The defendant now appeals and argues that the evidence presented at trial is insufficient to support his conviction.  We affirm his conviction and sentence.

On March 24, 1996, Memphis police officers were notified by a dispatcher that a car was being stripped for parts.  Officers Boyette and Montgomery of the Memphis police department responded to the call and drove to the specified location.  As the two officers were in separate patrol cars, they decided to approach the scene from opposite sides thereby inhibiting the suspect's ability to flee.  Upon arrival at the scene, the officers noticed two Cadillacs parked closely together.  According to the officers, the defendant was bent over the engine of the Cadillac later determined to belong to the victim, Miriam Kelly.  Officer Montgomery testified that as he approached the scene, he noticed that the defendant was holding something in his hands, which he dropped when he saw Officer Boyette's patrol car approaching.  Both officers then saw the defendant walk into a nearby apartment.  The officers followed the defendant inside and arrested him.  The officers testified that the defendant had grease on his hands and had several bolts in his pocket.  In addition, the stolen vehicle had several parts and bolts missing from its engine, a broken steering column, and a broken window.  Several parts had been removed from the other Cadillac as well and were lying on top of its engine. The police found no keys in the stolen vehicle and saw no one other than the defendant near the

2

stolen vehicle.

At trial, Ms. Kelly testified that she had not given anyone permission to use her car. Officer Boyette testified that he ran a check on the license plate of the stolen vehicle and found it was registered to Ms. Kelly. Officer Montgomery testified that he recorded the vehicle identification number ("VIN") of the stolen vehicle on his arrest ticket. The VIN number from the arrest ticket was read by Officer Montgomery to the jury as "1G6CD5188H426660." Officer Montgomery then expressed difficulty reading the last digit of the VIN number from the copy of the arrest ticket that was provided. After another copy of the ticket was given to Officer Montgomery, he identified the last digit of the VIN number as four. The arrest ticket was not introduced into evidence, but the State introduced into evidence the victim's certificate of vehicle registration and passed it to the jury. This certificate listed the VIN number of Ms. Kelly's car as "1G6CD5188H4266604."

The defendant now claims that the evidence was insufficient to support a finding of guilt beyond a reasonable doubt. Specifically, the defendant contends that the State failed to establish a link "between the car [the defendant] was seen bending over and apparently tinkering with before his arrest and the car stolen from Miriam Kelly." However, Officer Boyette testified that the license plate number of the car the defendant was "tinkering with" matched the license plate number registered in Ms. Kelly's name. In addition, the VIN number documented by Officer Montgomery on his arrest ticket matched the VIN number on Ms. Kelly's certificate of vehicle registration. Although, as the defendant points out, the VIN number on the certificate of vehicle registration was not read to the jury, the certificate itself was passed to the jury and introduced into evidence by the State, which allowed the jury to compare the VIN number Officer Montgomery testified he recorded on his arrest ticket with the VIN number reflected on the certificate

3

of vehicle registration. Given the proof that the license plate number and VIN number of the car found with the defendant matched the license plate number and VIN number of the car reported as stolen, the jury had sufficient evidence upon which to base its conclusion that the defendant was guilty of theft beyond a reasonable doubt. <u>See</u> <u>Jackson v. Virginia</u>, 443 U.S. 307, 319 (1979); <u>State v. Tuggle</u>, 639 S.W.2d 913, 914 (Tenn. 1982). The defendant's conviction and sentence is thus affirmed.

_____
JOHN H. PEAY, Judge


CONCUR:


_____
JOE G. RILEY, Judge


_____
JAMES C. BEASLEY, SR., Special Judge